# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| IN RE: MARVIN B. SMITH, III and SHARON H. SMITH, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| REGIONS BANK and REGIONS MORTGAGE, | : | |
| | : | |
| Defendants. | : | NO. CV209-170 |

## O R D E R

Plaintiffs, Marvin Smith and Sharon Smith, filed the above-captioned case entitled "motion to reconsider claim of Regions Bank and emergency motion to reimpose automatic stay." In effect, Plaintiffs' filing seeks to have this Court reconsider the bankruptcy court's decision granting Defendants stay relief, and to impose an injunction or restraining order to prevent Defendants from selling the property located at 121 West King Street, Edenton, Chowan County, North Carolina, on November 9, 2009. As such, the Court will treat the Smiths' filing as a request to withdraw the reference to the bankruptcy court and as a request for injunctive relief.

Because Plaintiffs fail to establish that cause exists to withdraw the reference and because mandatory withdrawal is not

appropriate, Plaintiffs' requests will be **DENIED** and the case will be **DISMISSED**.

**BACKGROUND**

On April 2, 2007, the Smiths filed for chapter 11 protection under the Bankruptcy Code. See In re Smith, Chapter 7 Case No. 07-20244, (Bankr. S.D. Ga. 2007). On May 8, 2008, their chapter 11 case was converted by the bankruptcy court to one under chapter 7. Id. at Dkt. No. 109. Thereafter, Plaintiffs dismissed their attorney and are currently proceeding pro se.

On August 18, 2009, the Smiths filed an adversary proceeding seeking to have that court reconsider the allowed secured status of Defendants' claim and the order granting Defendants relief from the automatic stay. Smith v. Regions Bank, Adv. P. No. 09-02032 (Bankr. S.D. Ga. Aug. 18, 2009). That adversary proceeding is currently pending.

On November 4, 2009, Plaintiffs filed this case with the district court. In the present case, Plaintiffs assert the same issues and request the same type of relief that they raised in the pending adversary proceeding. Plaintiffs also assert that immediate injunctive relief is necessary because Defendants plan to sell the property on Monday, November 9, 2009.

AO 72A
(Rev. 8/82)

The Smiths contend that Defendants were granted relief from the automatic stay on February 12, 2009, even though Defendants had not filed a claim in the bankruptcy case or a request for relief from the automatic stay. The Smiths also assert that Defendants failed to demonstrate that they had a perfected security interest in the property prior to the Smiths' bankruptcy filing. Plaintiffs maintain that Defendants are not the real parties in interest, do not have legal standing to seek any relief incident to the subject deed of trust, and do not have the right to seek any relief from the automatic stay or proceed with foreclosure proceedings. Plaintiffs also allege that Defendants made material misrepresentations to the bankruptcy court by asserting that the lien on the property had been perfected pre-petition.

First the Court will address the withdrawal of the reference and then discuss the Smiths' request for injunctive relief.

## DISCUSSION

Withdrawal of the reference to the bankruptcy court may be either permissive or mandatory. The statute provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district

3

court shall, on timely motion of any party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

## I. **Permissive Withdrawal**

In the case of permissive withdrawal, "[o]nce a bankruptcy court has assumed jurisdiction . . . a district court may withdraw the reference only 'for cause shown.'" In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991)(quoting 28 U.S.C. § 157(d)). While the statute does not define the word "cause," courts have made it clear that this is not an empty requirement. Id. In determining whether cause exists, a district court should consider the advancement of uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. See In re Simmons, 200 F.3d 738, 742 (11th Cir. 2000).

In the present case, Plaintiffs have not established that cause to withdraw the reference exists. First, the Court notes that the validity of the lien is a core proceeding which is properly before the bankruptcy court for determination pursuant to 28 U.S.C. § 157(b)(2)(K). Second, withdrawing the reference as to this matter would not advance uniformity in administering

Plaintiffs' bankruptcy case, or facilitate the bankruptcy process, especially considering the fact that there is a pending adversary proceeding in Plaintiffs' bankruptcy case on this exact issue. Third, withdrawal would increase the likelihood of forum shopping by parties that seek to "speed up" the bankruptcy process by requesting an "emergency" determination by the district court of an issue that is already pending before the bankruptcy court. Finally, withdrawal would require the parties to make the same arguments to the district court that have already been heard by the bankruptcy court, which would not be an economical use of either courts' or the parties' resources. As such, Plaintiffs have not established that permissive withdrawal of the reference is appropriate.

## II. Mandatory Withdrawal

Withdrawal is mandatory "if resolution of the issues requires 'substantial and material consideration' of non-bankruptcy code statutes." In re Am. Body Armor & Equip., Inc., 155 B.R. 588, 590 (M.D. Fla. 1993); see also In re Hvide Marine Inc., 248 B.R. 841, 843-844 (M.D.Fla.2000) (adopting the analytical framework of American Body Armor & Equipment, Inc., and employing the "substantial and material" test); In re TPI International Airways, Inc., 222 B.R. 663, 667-68 (S.D. Ga. 1998) (same). Substantial and material consideration involves

5

"resolution of cases of first impression or 'substantial and material conflicts' between non-title 11 federal law and the Bankruptcy code." In re Numed Healthcare, Inc., Case No. 8:01-CV-1224, 2001 WL 1572376, at *1 (M.D. Fla. 2001)(internal citations omitted).

In this case, no substantial or material consideration of non-bankruptcy federal law is necessary. Whether the lien is perfected is a matter of state law and does not present an issue of first impression. Therefore, mandatory withdrawal is not appropriate in this case.

### III. Injunctive Relief

The Smiths ask this Court to prevent Defendants' sale of the property by granting injunctive relief and by reversing the bankruptcy court's order entered on February 17, 2009. As stated earlier, this issue is currently pending with the bankruptcy court in the Plaintiffs' adversary proceeding. For the same reasons as stated above, withdrawal of the reference is not appropriate as to this issue.

The bankruptcy court has the authority to enter a preliminary injunction and temporary restraining order, if such relief is appropriate, pursuant to 11 U.S.C. § 105. In order to obtain either a preliminary injunction or a temporary restraining order Plaintiffs must comply with Federal Rule of

AO 72A
(Rev. 8/82)

Bankruptcy Procedure 7065.[1] In order to obtain a preliminary injunction, notice to the adverse party must be given. However, a temporary restraining order may be issued without written or oral notice to the adverse party, but only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Bankr. P. 65(b)(1).

In order to obtain either a preliminary injunction or a temporary restraining order, in addition to the above requirements, the moving party must also demonstrate:

> 1.) a substantial likelihood of success on the merits;
> 2.) That irreparable injury will be suffered unless the injunction issues;
> 3.) The threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> 4.) If issued, the injunction would not be adverse to the public interest.

Four Seasons Hotels & Resorts, B.V. v. Consorcio Bar, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).

Plaintiffs must make this showing to the bankruptcy court.

---

[1] Federal Rule of Civil Procedure 65 governs the temporary restraining orders and preliminary injunctions. Federal Rule of Bankruptcy Procedure 7065 makes Rule 65 applicable in adversary proceedings. However, in adversary proceedings, the debtor is not required to provide the security required by Rule 65(c).

7

AO 72A
(Rev. 8/82)

**CONCLUSION**

Because the reference will not be withdrawn as to the issues raised by the Smiths' district court filing, Plaintiffs' request to withdraw the reference and for injunctive relief are **DENIED** and the case is **DISMISSED**. Dkt. No. 1. The Clerk's office is directed to transmit this order and the Smiths' filings in this case to the bankruptcy court for consideration.

**SO ORDERED** this  6th  day of November, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)